Tamang v. Garland

BIA
Christensen, IJ
A208 927 739

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of June, two thousand twenty-one.

PRESENT:
    RAYMOND J. LOHIER, JR.,
    RICHARD J. SULLIVAN,
    STEVEN J. MENASHI,
        *Circuit Judges.*

_____

MAN BAHADUR TAMANG,
        *Petitioner,*

    v.                                          19-3649
                                                NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:            Dilli Raj Bhatta, Esq., Bhatta
                           Law & Associates, New York, NY.

FOR RESPONDENT:            Ethan P. Davis, Acting Assistant
                           Attorney General, Civil Division;
                           Russell J. E. Verby, Senior

Litigation Counsel, Office of Immigration Litigation; John D. Williams, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Man Bahadur Tamang, a native and citizen of Nepal, seeks review of an October 10, 2019 decision of the BIA affirming a March 6, 2018 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Man Bahadur Tamang,* No. A 208 927 739 (B.I.A. Oct. 10, 2019), *aff'g* No. A 208 927 739 (Immigr. Ct. N.Y. City Mar. 6, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA and do not reach the credibility determination on which the BIA did not rely. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271-72 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless

2

any reasonable adjudicator would be compelled to conclude to the contrary[.]"); *Lecaj v. Holder*, 616 F.3d 111, 114 (2d Cir. 2010) ("We review factual findings under the deferential substantial evidence standard, treating them as conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. Legal questions, including mixed questions of law and fact and the application of law to fact, are reviewed *de novo*.") (internal quotation marks and citations omitted).

The agency did not err in concluding that Tamang failed to meet his burden of proof for asylum. He had to show that he was persecuted, or had a well-founded fear of persecution, in Nepal based on his political opinion. *See* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(A), (B)(i). Tamang did not establish that his past harm at the hands of Maoists rose to the level of persecution, or that his fear of future persecution was objectively reasonable given that his family had continued to live safely in Nepal and had not been contacted by Maoists since 2016.

**I.  Past Persecution**

"[P]ersecution is 'an extreme concept that does not include every sort of treatment our society regards as

3

offensive.'" *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (quoting *Ai Feng Yuan v. U.S. Dep't of Justice*, 416 F.3d 192, 198 (2d Cir. 2005)). It may include "non-life-threatening violence and physical abuse," but the harm must be sufficiently severe, rising above "mere harassment." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006) (internal quotation marks and brackets omitted). "'[T]he difference between harassment and persecution is necessarily one of degree,' . . . [and] the degree must be assessed with regard to the *context* in which the mistreatment occurs." *Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006) (quoting *Ivanishvili*, 433 F.3d at 341). The agency must consider the harm suffered in the aggregate. *See Poradisova v. Gonzales*, 420 F.3d 70, 79-80 (2d Cir. 2005).

Tamang testified that he was threatened by Maoists in his village on several occasions—specifically, that one Maoist hit him in November 2015, and another assaulted his wife in April 2016—because he refused to join their party and instead supported the Nepali Congress Party. The agency did not err in concluding that these incidents did not rise to the level of persecution because Tamang was physically harmed on only one occasion, he did not suffer any serious injury,

4

and the leader of the group of Maoists stopped the attack. *See Mei Fun Wong*, 633 F.3d at 72; *Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011) (finding no error in agency's conclusion that asylum applicant did not establish past persecution where "he suffered only minor bruising from an altercation with family planning officials, which required no formal medical attention and had no lasting physical effect").

Tamang argues that the assault on his wife also constituted persecution against him. However, "an asylum applicant cannot claim past persecution based solely on harm that was inflicted on a family member" and must generally rely on harm that the applicant has suffered directly. *Tao Jiang v. Gonzales*, 500 F.3d 137, 141 (2d Cir. 2007); *see Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 308 (2d Cir. 2007) ("[T]he statutory scheme unambiguously dictates that applicants can become candidates for asylum relief only based on persecution that they themselves have suffered or must suffer.").

## II. Well-Founded Fear of Persecution

Because Tamang did not demonstrate past persecution, he had the burden to demonstrate a well-founded fear of future

5

persecution, 8 C.F.R. § 1208.13(b)(1), (2), i.e., that his fear was "objectively reasonable," *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). The agency did not err in concluding that Tamang did not meet this burden.

Tamang's interactions with Maoists occurred in his home village and ceased when he relocated to Kathmandu between 2013 and 2015. His only evidence of Maoists' continued interest in him was their April 2016 assault on his wife in their home village. But she and their children subsequently moved to Kathmandu, where—at the time of Tamang's hearing—they had lived for approximately two years without being located or contacted by Maoists. The BIA appropriately found that the reasonableness of Tamang's fear was "undermined" by the fact that his family had remained unharmed in Nepal for over two years. *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . ,[applicant's] fear is speculative at best."); *Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding asylum applicant's fear diminished because her mother and daughters continued to live unharmed in her native country). Tamang asserts that Maoists would locate him anywhere in Nepal because they have made "persistent efforts"

6

to do so, Tamang Br. at 16; but this assertion is belied by the record because Tamang testified that the last contact they made with his family was in 2016 and that they never contacted him outside of his village.

Because the agency did not err in finding that Tamang did not meet his burden to show past harm rising to the level of persecution or an objectively reasonable fear of future harm in Kathmandu, it did not err in denying asylum and withholding of removal. *See* 8 C.F.R. § 1208.13(b); *Lecaj*, 616 F.3d at 119.

We have considered all of Tamang's remaining arguments and find them to be without merit. Accordingly, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court